# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FEEONQUAY JENKINS,

                Plaintiff,

v.

CITY OF KENOSHA WISCONSIN,
OFFICER WILLIE HAMILTON,
POLICE CHIEF DANIEL MISKINIS,
FROEDTERT HOSPITAL OF
WISCONSIN, ANDREW RESNICK,
KENOSHA COUNTY, SHERIFF
DAVID BETH, HEALTH SERVICES
MANAGER DENISE, DR. ADBUL
DURRANI, OFFICER JOHN DOE,
and Dr. JOHN/JANE DOE,

                Defendants.

Case No. 17-CV-1779-JPS

**ORDER**

      Plaintiff Feeonquay Jenkins ("Jenkins"), who is incarcerated at Kenosha County Jail, proceeds in this matter *pro se*. He filed a complaint alleging that the defendants violated his constitutional rights. (Docket #1).[1] Jenkins then filed an amended complaint and a second amended complaint. (Docket #10 and #11). Upon Jenkin's refusal to the jurisdiction of the magistrate judge originally assigned to this case, *see* (Docket #5), the case was reassigned to this branch of the court.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a

---

[1] Jenkins filed a petition to proceed without prepayment of the filing fee, or *in forma pauperis*, (Docket #2), but he has since paid the full filing fee. His motion to proceed *in forma pauperis* will therefore be denied as moot.

governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Jenkins' complaint alleges that on March 27, 2016 he was shot and taken to Froedtert Hospital of Wisconsin (the "Hospital"). (Docket #1 at 2). Sometime during or after being treated there, he realized some of his personal property was missing. *Id.* While he was in surgery, his child's mother texted Jenkins' phone and a family member who was at the Hospital responded to the text from Jenkins' phone. *Id.* at 3. The child's mother then

went to the Hospital, despite the fact that she holds a no contact order against Jenkins. *Id*. She then apparently called the Kenosha County Police to report that Jenkins had sent her a threatening text message. *Id.*

The Kenosha police went to the Hospital about a week later, while Jenkins was still recovering, and apparently arrested him for violating the no contact order. *Id.* The police took Jenkins to Kenosha County Jail (the "Jail"). *Id.* Jenkins believes the Hospital should not have released him to the custody of the police because he had not yet recovered from the gunshot wound that put him in the Hospital. *Id.* at 3–4.

Once at the Jail, Jenkins did not receive proper care for his ongoing medical needs, particularly the open wounds on his body, and he was not given pain medication. *Id.* at 4. His lungs filled up with fluids and he had to be rushed to a hospital in Kenosha. *Id.* That hospital was not equipped to provide the care Jenkins needed, so he was then rushed back to Froedtert Hospital. *Id.*

Based on these allegations, Jenkins seeks to bring a medical malpractice claim against Froedtert Hospital and its doctors and nurses. *Id.* at 5–7. He argues that they were negligent in discharging him too early. *Id.* Jenkins also seeks to bring a claim against the Jail for its failure to properly care for his urgent and serious medical issues. *Id.* at 6. He states this claim as one for a "breach of duty of care." *Id.* Jenkins asks for $150 million in damages for the harm he suffered. *Id.* at 8.

Since the filing of his complaint, Jenkins filed two amended complaints, each providing new or slightly different details about the events described above and adding allegations about individual defendants. (Docket #10 and #11).

Jenkins' complaint has several deficiencies that must be remedied before Jenkins' case can proceed. First, Jenkins' Section 1983 complaint can proceed only against governmental entities and persons. The Hospital is not a governmental entity and its staff members are not government officials. When a plaintiff brings a Section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). For example, a private physician who is employed by the state to provide medical services to state prison inmates acts under the color of state law for purposes of Section 1983. *Id.* at 824 (citing *West v. Atkins,* 487 U.S. 42 (1988)). But an "emergency medical system that has a preexisting obligation to serve all persons who present themselves for emergency treatment" is not an entity acting under the color of state law for the purposes of Section 1983. *Id.* at 827. Jenkins' allegations against the Hospital and its staff, as currently pled, make clear that they were not acting under the color of state law on March 27, 2016 when Jenkins arrived at the Hospital for treatment of his gunshot wound; therefore, his claims as pled against those defendants cannot proceed.

The Jail and its medical staff, on the other hand, are state actors for the purposes of a Section 1983 claim. They can be held liable under Section 1983 for their constitutional misconduct with respect to Jenkins. His allegations against the Jail medical staff, though lacking in detail in terms of the names of wrongdoers and what they personally did or did not do, could state a claim for deliberate indifference to Jenkins' serious medical condition; but those claims will require amendment before they can proceed.

The Eighth Amendment provides, *inter alia*, that prisoners are entitled to a minimal level of healthcare while in custody. *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016). The Eighth Amendment is violated when the prisoner shows that he "suffered from an objectively serious medical condition," and that "the individual defendant was deliberately indifferent to that condition." *Id.* at 728. The term "[d]eliberate indifference"

> is a subjective standard. To demonstrate deliberate indifference, a plaintiff must show that the defendant acted with a sufficiently culpable state of mind, something akin to recklessness. A prison official acts with a sufficiently culpable state of mind when he knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Deliberate indifference is more than negligence and approaches intentional wrongdoing. In other words, [d]eliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts.

*Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Assuming that Jenkins' unhealed gunshot wound and related health issues presented a serious medical condition, Jenkins must allege that the defendants knew his condition presented a substantial risk of harm and then either acted, or failed to act, in disregard of that risk. His allegation that Jail medical staff knowingly withheld prescribed pain medication satisfies this pleading requirement, but as to the medical staff's general mistreatment of his wounds, Jenkins must provide more detailed allegations that suggest the defendants acted with deliberate indifference and not mere negligence. Further, Jenkins must describe how each named defendant was personally involved in the constitutional violation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("[I]ndividual

liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation.").

Finally, piecemeal amendments to a pleading are not permitted; Jenkins must file a complaint that contains all of the defendants, and the claims alleged against them, in one complete document.

The Court will permit Jenkins the opportunity to correct these deficiencies in his pleading. If he chooses to offer an amended complaint, Jenkins must do so no later than **thirty (30) days** from the entry of this Order. The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Board of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. The Court has provided, with this Order, a copy of a complaint form that Jenkins may use to help format his amended pleading.[2]

---

[2]The Court will deny Jenkins' prematurely-filed motions for summary judgment, (Docket #6), and for the production of documents from defendants, (Docket #8). After Jenkins files an amended complaint curing the defects described in this Order, the Court will screen that complaint and, if appropriate, order

Accordingly,

**IT IS ORDERED** that on or before **thirty (30) days from the entry of this Order**, Jenkins shall file an amended pleading curing the defects in the original complaint as described herein;

**IT IS FURTHER ORDERED** that Jenkins' motion to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Jenkins' motion for summary judgment (Docket #6) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Jenkins' motion to correct the case caption (Docket #7) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Jenkins' motion for the production of documents from defendants (Docket #8) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

---

service on the defendants. Then, the Court will enter a scheduling order that describes the process for taking discovery and filing dispositive motions.

Finally, in light of the Court's order that Jenkins amend his complaint to cure its defects, the Court will deny Jenkins' motion to correct the case caption, (Docket #7). The docket will be corrected if necessary after the Court screens Jenkins' to-be-filed amended complaint.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 6th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge