# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FEEONQUAY JENKINS,<br><br>      Plaintiff,<br><br>v.<br><br>CO GRIFFIN, CO TIETZ, and<br>SHERIFF DAVID BETH,<br><br>      Defendants. | Case No. 17-CV-1779-JPS<br><br>**ORDER** |

  Plaintiff Feeonquay Jenkins ("Jenkins"), who is incarcerated at Kenosha County Jail, proceeds in this matter *pro se*. On September 7, 2018, the Court screened Jenkins' amended complaint pursuant to 28 U.S.C. § 1915A(a) and determined which claims may proceed. (Docket #15). Specifically, the Court permitted Jenkins to proceed on claims against two John Doe defendants, Booking Correctional Official Doe and Second Correctional Official Doe, for violation of his Fourteenth Amendment right to adequate medical care. *Id.* at 3–7.[1] The Court noted that to facilitate

---

[1]The Court pauses here to note that although Jenkins was permitted to proceed on his claims regarding inadequate care under the Fourteenth Amendment, it may be that Jenkins' claims (or portions of them) actually arise under the Fourth Amendment. It is not clear from Jenkins' pleadings whether or when he received a probable cause hearing in relation to the charges that brought him into the defendants' care. In the Seventh Circuit, medical care claims brought by arrestees are governed by the Fourth Amendment, while medical care claims brought by pretrial detainees are governed by the Fourteenth Amendment. *See Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011) (The protections of the Fourth Amendment apply at arrest and through the *Gerstein* probable cause hearing, Fourteenth Amendment due process principles govern a pretrial detainee's conditions of confinement after the judicial determination of probable cause, and the Eighth Amendment applies following conviction.). The parties

service of the complaint and identification of the Doe defendants, the Court would, temporarily, leave Sheriff David Beth ("Sheriff Beth") as a defendant in the action. *Id.* at 7. Plaintiff was advised that he should conduct discovery to learn the identities of the Doe defendants and amend his complaint with that information. *Id.*

Thereafter, Jenkins filed a second amended complaint that identifies the two John Doe defendants as CO Griffin and CO Tietz. (Docket #27). Those defendants will be added to the docket in this case, and Jenkins will be permitted to proceed against them. Jenkins also attempts to add as defendants Sheriff Beth and Kenosha County (the "County"). *Id.* As he did in his first amended complaint, Jenkins alleges that the County and Sheriff Beth have a policy and practice of not providing immediate medical care and treatment to individuals brought into their care and custody. *Id.* at 5.

As to Sheriff Beth, Jenkins includes no specific allegations about him apart from that he is an elected official and should be responsible for the actions of those he supervises. *Id.* It is "well-settled that a claim against a state or local agency or its officials may not be premised upon a *respondeat superior* theory." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Further, individual liability under Section 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (quotation omitted). Jenkins makes no such allegations about Sheriff Beth, and Jenkins will therefore not be permitted to proceed against him.

---

should use the discovery process to learn Jenkins' status as either an arrestee or a pretrial detainee during the timeframe relevant to this case.

As to the County, the Court has already explained that Jenkins' claim could only proceed if he sufficiently alleged the elements of a *Monell* claim. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). *Monell* provides an avenue for relief against a governmental entity for constitutional violations that are caused directly by a policy or custom of the governmental entity. *Id.* at 694. To maintain a Section 1983 claim against a governmental entity, the plaintiff must first identify a "policy or custom" attributable to governmental policymakers. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (citing *Monell*, 436 U.S. at 691–94). A "policy or custom" may take one of three forms: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express [governmental] policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* (quotation omitted). The plaintiff must also demonstrate "the requisite causation," which means that "the policy or custom was the 'moving force' behind [his] constitutional deprivation." *Id.*

In his second amended complaint, Jenkins states in conclusory fashion that the County (and Sheriff Beth and the Kenosha County Jail) "fostered customs and policies that deprived Plaintiff of serious medical treatment by refusing to provide detainee with medical care when they enter the Kenosha County Jail with serious emergency medical injuries[]" and that these policies "delay treatment to detainees." (Docket #27 at 5). For all of the same reasons the Court articulated in its screening order for Jenkins' first amended complaint, (Docket #15 at 5–6), these allegations are

insufficient to state a *Monell* claim. Jenkins will not be permitted to proceed against the County.

In sum, the Court will accept Jenkins' second amended complaint insofar as it identifies Booking Correctional Official Doe and Second Correctional Official Doe as CO Griffin and CO Tietz. Jenkins' second amended complaint is the operative pleading for his claims against them. Finally, because the Doe defendants have now been identified, the Court will dismiss Sheriff Beth as a defendant, as his presence in the case was solely for the purpose of identifying the Does, and Jenkins has not stated a claim against him.

Accordingly,

**IT IS ORDERED** that Plaintiff's second amended complaint (Docket #27) shall be his operative pleading in this matter;

**IT IS FURTHER ORDERED** that Defendant Sheriff David Beth be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the second amended complaint (Docket #27) and this order upon Defendants CO Griffin and CO Tietz pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service;

**IT IS FURTHER ORDERED** that Defendants CO Griffin and CO Tietz shall file a responsive pleading to the second amended complaint;

**IT IS FURTHER ORDERED** that the Court's previously-entered scheduling order (Docket #21) be and the same is hereby **VACATED**. An amended scheduling order will be entered after Defendants CO Griffin and CO Tietz have been served;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of April, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge